**Denver Colorado MASSEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36307.**

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

No attorney for appellant on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 30 days in jail and a fine of $100.

The evidence shows that about one o'clock P.M. the appellant was driving a 1955 Dodge automobile west on Kingsley Drive, in the City of Garland, Dallas County, when he struck the rear of an automobile traveling in the same direction as it slowed to make a right turn.

Patrolman Sullivan was flagged by appellant's son, who was a passenger in the Dodge automobile. He testified that as the appellant came from his vehicle to the Patrol Car he was "taking long, kind of uneven steps". He testified that he conversed with the appellant and his son about the accident and observed them; that he noticed the strong smell of alcoholic beverage about the appellant; that he "had kind of a vacant look, flushed; he had kind of a glassy look to his eyes. * * * He spoke as though his tongue was thick. * * * He * * * weaved slightly * * * had trouble with his balance."

Patrolman Sullivan further testified that he asked the appellant if he had been drinking and "he said three or four beers that morning." He testified that he took the appellant to the police station and observed him there and that he formed the opinion that the appellant was drunk.

The appellant and his son testified that they had each consumed three cans of beer in the morning but both denied that the appellant was intoxicated.

The state called in rebuttal Lieutenant Bobby G. Presley of the Garland Police Department, who was summoned to the scene of the collision by Patrolman Sullivan and observed and conversed with the appellant. He described the appellant's speech, appearance, manner of walk and the odor of alcohol about him, in much the same manner as had Patrolman Sullivan, and expressed the opinion that the appellant was intoxicated.

The jury resolved the issue of fact raised by the evidence against the appellant and there is sufficient evidence to sustain their verdict.

No brief has been filed, and there are no formal bills of exception and no complaint to the court's charge. The informal bills of exception found in the statement of facts present no reversible error.

The judgment is affirmed.